UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.   25-mj-8079-RMM

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

JEFFREY OLSON,

    Defendant.
_____/

FILED BY ____SW____ D.C.

Feb 21, 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

## ORDER FOR COMPETENCY EVALUATION
## AND SANITY EVALUATION OF DEFENDANT

THIS CAUSE came to be heard upon the *ore tenus* Unopposed Motion for Competency Evaluation and the *ore tenus* motion for an *ex parte* Sanity Evaluation made by Defendant's counsel, AFPD Kristy Militello, at Defendant's court appearance on February 21, 2025 [DE 18]. The Court has considered the competency motion [DE 16], the sanity motion [DE 17], and the facts contained in the written Criminal Complaint and Affidavit [DE 2] and hereby GRANTS both motions based upon the representations made by the parties as well as the allegations contained in the Criminal Complaint and Affidavit [DE 2]. Pursuant to Title 18, United States Code, §§ 4241, 4242, and 4247, it is hereby ORDERED AND ADJUDGED that:

    1. Defendant shall be examined by at least one qualified psychiatrist or psychologist pursuant to 18 U.S.C. §§ 4241(b), 4242(a) and Rule 12.2, Fed.R.Crim.P.,

1

to determine if he is presently competent as to be able to understand the criminal proceeding against him and to properly assist in his defense, and to determine if he was insane at the time of the alleged offense.

2. For purposes of examination, pursuant to 18 U.S.C. §§ 4241(b), 4242(a), and 4247(b), Defendant is committed to the custody and care of the Attorney General for placement in a suitable facility, and the examination shall be for such a reasonable time, not to exceed 30 days, as it is necessary to make evaluations as to whether Defendant is presently incompetent so as to be unable to understand the proceedings against him or to properly assist in his own defense, and as to whether Defendant was insane at the time of the alleged offense. As directed in § 4247(b), unless impracticable, the psychiatric or psychological examination shall be conducted in the suitable facility closest to the court.

3. Pursuant to § 4247(b), the director of the facility may apply for a reasonable extension of the time the Defendant is committed for the examination under section 4241, but not to exceed 15 days, upon a showing of good cause that the additional time is necessary to observe and evaluate the defendant.

4. Pursuant to § 4247(b), the director of the facility may apply for a reasonable extension of the time the Defendant is committed for the examination under section 4242, but not to exceed 30 days, upon a showing of good cause that the additional time is necessary to observe and evaluate the defendant.

5. The psychiatrist or psychologist, as designated by the Attorney General to

2

examine Defendant, shall prepare two separate psychiatric or psychological reports. One report shall be pursuant to the requirements of 18 U.S.C. § 4247(c)(4)(A) and one report pursuant to the requirements of 18 U.S.C. § 4247(c)(4)(B).

6. The psychiatrist or psychologist, as designated by the Attorney General, shall forward the original competency report pursuant to 18 U.S.C. § 4247(c)(4)(A) to this Court and a copy to the United States Attorney and to defense counsel.

7. The psychiatrist or psychologist, as designated by the Attorney General, shall forward the original sanity report pursuant to 18 U.S.C. § 4247(c)(4)(B) to only this Court and to defense counsel. The sanity evaluation shall be conducted confidentially and *ex parte,* that is, the United States Attorney's Office will not discuss this evaluation with the psychiatrist or psychologist and will not be provided a copy of the report.

8. Should Defendant file a notice of his intent to rely on the insanity defense, then at that time defense counsel shall provide a full copy of the report to the government.

9. The United States Marshals shall transport Defendant to the mental health institution, which shall be designated by the Attorney General, and return him immediately upon completion of the examination to the Southern District of Florida.

10. The United States Marshals and/or the mental health facility shall provide Defendant with medications, if any, as prescribed by a licensed physician pending and during transportation to the mental health institution designated by the

Attorney General.

11. The speedy trial period is tolled in the interests of justice from February 21, 2025, through and including the date when the competency issue as to Defendant is resolved by the Court. The ends of justice served by granting the Government's unopposed request for a competency evaluation and the Defendant's request for an insanity evaluation, and the continuance of hearings and proceedings in this case, outweigh the interests of the public and Defendant in a speedy trial. 18 U.S.C. § 3161. The time period necessitated to mentally evaluate Defendant and determine Defendant's competency is excluded from the time period in which an Information or Indictment must be filed. 18 U.S.C. § 3161(h)(1)(A).

12. The Court has set a Status Conference Re: Competency Matter, Status Conference Re: Detention Hearing, and Status Conference Re: Preliminary Hearing/Arraignment for **April 3, 2025, at 10:00 a.m.** in the West Palm Beach Division before the West Palm Beach Duty Magistrate Judge. A competency hearing will be set before this Court when the parties notify chambers that a hearing is appropriate.

13. The Preliminary Examination/Arraignment set for February 28, 2025, at 10:00 A.M. is CANCELLED as it cannot proceed until the Defendant's competency is determined.

DONE AND ORDERED at West Palm Beach, Florida, this 21st day of February, 2025.

*William Matthewman*
WILLIAM MATTHEWMAN
United States Magistrate Judge